SCHOTT, Chief Judge.
We grant certiorari in order to review a judgment of the trial court finding defendant to be a habitual offender and sentencing him *17 to forty months under the Habitual Offender Law.
By his first claim he contends he was placed in double jeopardy when charged with two counts of violating R.S. 40:97(B)(1) based upon his obtaining possession of two different controlled dangerous substances by means of a single fraudulent prescription. /Pretermit-ting whether he waived this objection by pleading guilty we hold that these were separate offenses. The statute defines the offense as acquiring or obtaining possession of a controlled dangerous substance. He violated the statute twice by obtaining two substances.
His other claim is that the state’s habitual offender proceedings were untimely specifically because he would have been eligible for good time release last May, but for his adjudication as a habitual offender. He pled guilty in October 1991, first adjudicated a third offender in December 1991 and was sentenced to forty months. Pursuant to an application for post conviction relief the trial court in January 1993 amended the habitual offender adjudication to find that he was a second offender.
On review this court found that the evidence was insufficient to support the habitual offender adjudication and remanded the case for a new hearing. This was conducted in July 1993, when the court once again adjudicated him to be a second offender and again sentenced him to forty months.
The cases cited by defendant are distinguishable from this case. Here defendant knew since December 1991 that the state intended to invoke the Habitual Offender Law against him, so he knew the consequences of his conviction within a reasonable time, that is, within a month of the conviction.
Accordingly, the judgment of the trial court denying defendant’s application for post conviction relief is affirmed.
AFFIRMED,