|,BYRNES, Chief Judge.
On June 2, 2000, the defendants, Brian K. Daniel and Undra Holmes, were charged by bill of information with possession of cocaine with intent to distribute, a violation of La. R.S. 40:967. On June 7, 2000, they were arraigned and pleaded not guilty. The trial court denied their motion to suppress on August 30, 2000. The defendants were jointly tried by a twelve-member jury on January 16, 2001. The jury found Daniel guilty as charged, and Holmes guilty of the lesser included offense of simple possession. On February 9, 2001, the trial court denied a motion for new trial. The defendants waived delays, whereupon the trial court sentenced Daniel to five years at hard labor, and Holmes to two years at hard labor. The trial court denied a motion to reconsider sentence, and granted a motion for appeal. Each of the defendants pleaded guilty to being second offenders on May 31, 2001. The original sentences were vacated, and Daniel was re-sentenced to fifteen years at hard labor without benefit of probation or suspension of sentence. Holmes was resen-tenced to thirty months at hard labor.

Statement of Facts

On March 30, 1995, around 2:00 p.m., New Orleans Police Department officer, *87 Brian Elsansohn, was watching for narcotics activity at the corner of |¡North Miro Streets. As he approached the corner bar at that location in his unmarked car, he observed two men attempting to flag down cars. A vehicle slowed and Daniel approached the car, holding up two fingers. Officer Elsansohn said this is a common gesture of someone trying to sell a twenty dollar piece of crack cocaine. The car sped away. Officer Elsansohn parked, while the two defendants stayed on the corner. Within five minutes, another car slowed, and Daniel again waived two fingers. The car stopped, Daniel approached, and engaged the driver in brief conversation. The driver handed Daniel currency, which Daniel held up and shook, indicating to Holmes that he had been paid. Holmes walked over to the car, reached into his pocket, opened his hand, and displayed its contents to the driver. It appeared to the officer that the driver was choosing a rock of cocaine from Holmes’s hand. The driver took an object from Holmes’s hand and drove away. Officer Elsansohn radioed to other officers who stopped the defendants.
As the marked unit approached, the defendants were the only two people on the corner. Officers observed Holmes put something in his mouth. Daniel removed one hand from his pocket. Officer McCabe, testified that people in possession of narcotics often put the drugs in their mouth when they are about to be arrested in an attempt to swallow them. The officers stopped and handcuffed the defendants. Holmes fell to the ground and spit two pieces of crack cocaine under the car. Officers pried open Daniel’s hand and found a $20 bill and thirty-one pieces of crack cocaine. A search of Daniel pursuant to arrest resulted in seizure of $2,250 in small denominations.
The seized drugs tested positive for cocaine.
| ^Sergeant Michael Glaser, an expert in the packaging and sale of narcotics, said that the defendants’ activities were consistent with street sales of narcotics. The division of the cocaine into rocks to sell was also typical.
The defense called one witness, Daniel’s wife, who testified that Daniel subsequently lost his eye in a drive-by shooting.

Motion to Suppress

The defendants argue the trial court erred in denying their motion to suppress.
As this Court stated in State v. Davis, 612 So.2d 1052, 1053 (La.App. 4 Cir.1993):
C.Cr.P. art. 213 authorizes a policeman to arrest a person who has committed an offense in his presence. The search of a defendant is legal if there is probable cause of [sic] his arrest. Probable cause exists when the facts and circumstances known to the officers and of which they have reasonably trustworthy information are sufficient .to justify the belief by a man of ordinary caution that the suspect has committed or is committing a crime.
In this case, Officer Elsanshon saw the defendants acting as a team. Daniel was actively waiving cars to stop while displaying a gesture known to the officer to indicate that a twenty dollar rock of cocaine was for sale. Officer Elsansohn saw the driver of a car stop, and saw Daniel accept a twenty dollar bill from the driver. Daniel waved the currency to Holmes in open air in the middle of the afternoon in clear view of the officer. Holmes came over to the car and displayed objects in his hand for the driver to examine and choose. The driver took an object and drove away.
*88 When the arresting officers appeared, the defendants were the only two people on the corner. The officers observed Daniel with his hands in his pockets. He took one hand out. Holmes attempted to swallow something, an activity the | ¿officers knew to be consistent with the destruction of narcotics. At that point, the officers clearly had probable cause to arrest. The trial court in this case did not err in finding probable cause for the arrest and in denying the motion to suppress.

Excessive Sentence

Daniel argues that his statutory minimum sentence is excessive.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that “No law shall subject any person ... to cruel, excessive or unusual punishment.” A sentence within the statutory limit is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless imposition of pain and suffering.” State v. Francis, 96-2389 (La.App. 4 Cir. 4/15/98), 715 So.2d 457. Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La. C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013.
To insure adequate review by the appellate court, the record must indicate that the trial court considered the factors set forth in La.C.Cr.P. art. 894.1. State v. Forde, 482 So.2d 143, 145 (La.App. 4 Cir. 1986). Although a judge need not specifically recite each of the factors listed in La.C.Cr.P. art. 894.1, the record must reflect that the judge adequately considered the sentencing guidelines and that there is an adequate factual basis for the sentence imposed. State v. Soco, 441 So.2d 719 (La.1983).
In the present case, although the trial court indicated that it had conferred with Daniel and his wife, thus suggesting that he might have considered factors enunciated in Article 894.1, he did not give any reasons for the sentence. The | ¿judge simply announced that the sentence would be the statutory minimum fifteen-year term, and the defendant now asserts that his sentence is in violation of La.C.Cr.P. art. 894.1(C) which requires enunciation of reasons for the sentence.
The purpose behind La.C.Cr.P. art. 894.1 is to provide an explanation for a particularized sentence when the trial court is given discretion to choose a sentence tailored to the offender’s circumstances from within a legislatively provided sentencing range. Here, while the trial court did not formally comply with La. C.Cr.P. art. 894.1, it imposed the lowest possible sentence under the statute. Thus, there was no reason to explain a term that was statutorily mandated.
Daniel contends that his sentence is excessive because he had an underprivileged upbringing, has a drug problem, has a stable wife and marriage, and has young, dependent children. He also points out that the trial court in sentencing him stated, “if the legislature makes some changes in the law I’d be glad to revisit [the sentence].”
This Court has found youth, lack of criminal history, family background, and redeeming virtues to be considerations in determining whether the mandated sentence is excessive. State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013. However, this Court has also held that the trial court did not err in imposing the minimum sentence where the young defendant showed no redeeming virtues. *89 State v. Finch, 97-2060 (La.App. 4 Cir. 2/24/99), 730 So.2d 1020, (Judge Jones, dissenting).
Because the minimum sentence is presumed constitutional, a trial court, in considering whether the minimum sentence for a particular crime would be unconstitutional if applied to a particular defendant, may do so only if there is clear and convincing evidence to rebut the presumption of constitutionality. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 677. In the present case, there was no evidence presented to the court to establish that Daniel is an exception and should receive a lesser sentence.
The Louisiana Supreme Court has stated that “[t]he only relevant question on review ... of a sentence [is] ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, 959. The standard for appellate review for constitutional excessiveness is whether the sentence is “nothing more than the purposeless imposition of pain and suffering.” State v. Francis, 96-2389 (La.App. 4 Cir. 4/15/98), 715 So.2d 457. It does not appear that the trial judge’s sentence was so harsh as to rise to the purposeless imposition of pain and suffering, grossly out of proportion to the severity of the crime. The defendant, Daniel, after being observed selling crack cocaine, was found to possess thirty-one rocks as well as more than $2,500. He was obviously prepared to sell the rocks of cocaine that he held in his pocket.
Daniel’s sentence is not excessive under the circumstances of the ease.

Error Patent

La. R.S. 40:967B(4)(b)[1] provides that at least the first five years for possession of *90 cocaine with the intent to distribute must be served without the |7benefit of parole, probation or suspension of sentence. Daniel was sentenced without the denial of the benefit of parole for five years.
Pursuant to La. C.Cr.P. art. 882A, an illegally lenient sentence can be noticed or recognized by the appellate court sua sponte without the issue being raised by the State in State v. Williams, 2000-1725 (La.11/29/01), 800 So.2d 790. Williams retroactively overrules State v. Jackson, 452 So.2d 682 (La.1984) and its progeny, including State v. Fraser, 484 So.2d 122 (La.1986).[2] In reference to La. R.S. 15:301.1,[3] the Louisiana Supreme Court stated that: “When an illegal sentence is | Rcorrected, even though the corrected sentence is more onerous, there is no violation of the defendant’s constitutional rights.” Id. 800 at 798. The Louisiana Supreme Court found that:
Viewing these statutory provisions in light of the defendant’s due process rights and his recognized right in Louisiana to seek appellate review of his conviction, we find no impediment to the Legislature’s statement that La.Rev. Stat. Ann. 15:301.1 was enacted to change the law in State v. Jackson and its progeny. No portion of La.Rev.Stat. Ann. § 15:301.1 conflicts with a constitutional principle to which the legislative enactment must yield. Paragraphs A, B, and C of La.Rev.Stat. Ann. § 15:301.1 simply provide for correction of illegally lenient sentences and neither increase a *91 defendant’s sentencing exposure nor increase a legal sentence. Accordingly, we find that the provisions of this legislative enactment do not impede the defendant’s constitutional right to appeal. Id., 800 So.2d at 799-800.
The Louisiana Supreme Court stated:
[T]his paragraph [La.R.S. 15:301.1(A) ] self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute.
Id., 800 So.2d at 799.
However, the Supreme Court explained:
... As noted earlier, we recognized that this provision [La. R.S. 15:301.1] directs that sentences that require statutory restrictions on parole, or suspension of lasentence are “deemed to contain [those] provisions,” ... whether or not the sentencing court pronounces those restrictions at the time of initial sentencing. It is clear from the statutory language that this proviso is self-activated, eliminates the remand for ministerial correction of sentence, and requires no notice to the defendant.Simply stated, the provisions of Paragraphs A and C [of La. R.S. 15:301.1] do not call for amendment as no correction is required. Rather, that which was legislatively mandated at the time of sentencing is recognized as having existed statutorily without pronouncement being necessary. Accordingly, we find it was appropriate for the appellate court in the present case to so note that “[a]t least six months of the [defendant’s] sentence of imprisonment imposed shall be with or without benefit of probation, parole, or suspension of sentence.” La.Rev.Stat. Ann. § 14:98(D)(1). However, because of the complete failure of the sentencing court to abide by any of the sentencing requirements of La.Rev.Stat. Ann. § 14:98(D)(1) and because an element of sentencing discretion existed as regards the length of sentence served without benefit of parole, probation, or suspension of sentence, it was necessary for the appellate court to remand the matter to the trial court for re-sentencing. [Emphasis added.]
Id., 800 So.2d at 801.
Also, the Louisiana Supreme Court noted:
... the authority of the appellate court to recognize sentencing error arises in part from the self-activating provisions of La.Rev.Stat. Ann. § 15:301.1(A) (i.e., the failure to impose sentence without benefit of parole, probation, or suspension of sentence) and under the general provisions of La.Code Crim. Proc. Ann. art. 882 (the sentencing errors other than those which fall under La.Rev.Stat. Ann. § 15:301.1(A)). Under the provisions of article 882, “[a]n illegal sentence may be corrected at any time by ... an appellate court on review.” ... [Emphasis added.]
Id., 800 So.2d at 802.
In footnote 6, the Louisiana Supreme Court referred to State ex rel. Pierre v. Maggio, 445 So.2d 425 (La.1984), and remarked that:
State ex rel. Pierre v. Maggio, ... has little application, if any, to the present case. The Pierre decision prohibited Imthe Department of Public Safety and Corrections (“DOC”) from interpreting terms and conditions of imprisonment. Thus, when a trial court omitted parole restrictions in the pronouncement of sentence for a crime the penalty of which carried parole restrictions, under Pierre, the DOC records had to track *92 the sentence imposed, for the “custodian’s obligation is to see that the sentence imposed is the sentence served.” Id. at 425. Under La.Rev.Stat. Ann. § 15:301.1, DOC may safely determine an inmate’s parole eligibility by reference to the statute under which sentence was imposed.
Id. 800 So.2d at 797.
In his concurrence, Justice Pro Tempore Lobrano asserted that: “The majority also correctly finds that the sua sponte correction of an illegal sentence by an appellate court violates no constitutional provisions simply because no one has a constitutional right to an illegal sentence.” Id., 800 So.2d at 803. The appellate court may recognize an error without remand where there is no element of sentencing discretion as stated in Williams, id.
In the present case, the trial court failed to pronounce Daniel’s sentence to include five years without the benefit of parole. Considering that there is no discretion concerning the element of five years without the benefit of parole, this Court recognizes that five years of Daniel’s sentence is without the benefit of parole as well as five years without probation or suspension of sentence.
Accordingly, the defendants’ convictions are affirmed. Holmes’ sentence is affirmed. Daniel’s sentence is amended to reflect that Daniel’s sentence is fifteen years at hard labor with five years without the benefit of parole, probation and suspension of sentence.

AFFIRMED AS AMENDED.

Judge JONES, concurs in part; dissents in part.

. La. R.S. 40:967B, the applicable statute existing prior to the amendment (which has prospective effect from June 15, 2001) provided in pertinent part:
B. Penalties for violation of Subsection A
(b) Distribution, dispensing, or possession with intent to produce, manufacture, distribute or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, .probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
La. R.S. 15:529.1 provides in pertinent part:
529.1. Sentences for second and subsequent offenses; certificate of warden or clerk of court in the state of Louisiana as evidence
A. (1) Any person who, after having been convicted with this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children’s Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for the first conviction.
In the present case, the minimum sentence would be not less than one-half of the longest term, or ten years, with the first five years being without benefit of parole, probation or suspension of sentence.

. These cases held that the reviewing court will not correct an illegally lenient sentence on appeal when the State did not raise the issue.

. La. R.S. 15:301.1 provides:
§ 301.1 Sentences without benefit or probation, parole, or suspension of sentence; correction
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have stranding to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C.The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
In State v. Williams, id., the Louisiana Supreme Court noted:
The plain language of Paragraph (D) subjects sentencing amendments "authorized by the provisions of this Section” to the 180 day time limitation. As pointed out, no amendment of the defendant’s sentence was accomplished through any provision of La. Rev.Stat. Ann. § 15:301.1: sentencing errors akin to those delineated under Paragraph A are not subject to amendment; and those errors recognized in Paragraph B were not raised either by the sentencing court or the district attorney, the method authorized in La.Rev.Stat. Ann. § 15:301.1(B). Accordingly, whatever time limitation provided in Paragraph D was in-application to the appellate court under the particular procedural facts present. [Emphasis added.]
Id., 800 So.2d at 802.