STEVEN R. PLOTKIN, Judge.
The defendant appeals her convictions for attempted possession with intent to distribute cocaine and attempted distribution of cocaine. The first issue raised on appeal is whether there was sufficient evidence to convict the defendant on charges of attempted distribution of cocaine and attempted possession with intent to distribute cocaine. The next issue is whether the prohibition against double jeopardy was violated when the trial court found the defendant guilty of both offenses arising out of the same events. The final issue is whether the trial court erred when it denied defendant’s motion to suppress the evidence. For the reasons below, we affirm the decision of the trial court.
PROCEDURAL HISTORY
The defendant, Cyntrell Armstead, was charged by bill of information with possession with intent to distribute cocaine and distribution of cocaine in violation of La. R.S. 14:967(B)(1). The defendant entered a plea of not guilty and counsel for the defendant filed motions, including motions to suppress confession and evidence. The trial court heard the motions, which were opposed by the State, and after hearing testimony from Officer Michael Cahn, the trial court denied the motions to suppress and found probable |?cause for possession with intent to distribute cocaine. The trial court did not make a specific ruling as to probable cause for distribution of cocaine.
A bench trial in this matter was held, and the defendant was found guilty of attempted possession with intent to distribute cocaine and attempted distribution of cocaine. The State filed a multiple bill charging the defendant as a second felony offender, which the defendant initially contested. The defendant subsequently admitted to being a multiple offender, and the trial court sentenced her to seven years and six months on each count, pursuant to La. R.S. 15:529.1.
STATEMENT OF FACTS
At the trial, the State first called Officer Michael Cahn, who testified that he was on patrol on May 29, 1998 at approximately 6:30 p.m. in the 1200 block of Columbus Street in New Orleans. He and his partner, Officer Bret Pittman, were in a marked police vehicle in full uniform. As they approached the apartments at 1218 Columbus Street, where they had made numerous narcotics arrests in the past, he observed the defendant and another female, Rebecca Holbrook, engage in a hand-to-hand drug transaction. In partic *392 ular, the officer testified that he observed the two women engage in brief conversation, Holbrook hand the defendant currency, and the defendant place a small white object in Holbrook’s hand. As they neared, the officer saw the defendant look at the marked police vehicle, turn around, and start to walk away toward the apartment building while “shoving something in the small of her back in her pants.” The officer testified that he believed the defendant was stuffing contraband into the back of her pants. Officer Pittman gave chase to the defendant while Officer Cahn grabbed Holbrook, who was still holding something in her right hand. The substance retrieved from Holbrook later tested positive for cocaine.
laWhen Officer Cahn arrived at the apartment, he observed the defendant sitting in a room with two juveniles. Officer Pittman handcuffed the defendant and advised her that she was under arrest for distribution of crack cocaine. The defendant had been patted down for weapons, and the officers, who are male, called for a female officer to conduct a strip search of the defendant based on the officer’s observation of the defendant stuffing something in the back of her pants. Officer Gerldine Daniels, a female officer from the Fifth District, responded to the call. The handcuffs were removed from the defendant, and Officer Daniels took the defendant to a back room of the apartment, leaving the door slightly ajar. Officer Cahn testified that he observed the strip search from the hallway in the interest of officer safety.
The defendant removed her clothing, and while nude, refused to reveal the contents of a hand she kept pressed to her buttock. Officer Daniels reached toward the defendant’s hand, the defendant began to fight the female officer, and the bag in the defendant’s hand broke open, spilling thirty to forty pieces of crack cocaine onto the floor. Officer Cahn assisted Officer Daniels in restraining the defendant, and he identified the bag of crack cocaine at the trial as the bag that fell to the floor during the struggle, and the State entered the bag into evidence. A lab report confirming that the substance from the bag tested positive for cocaine was also entered into evidence. Officer Cahn identified the single piece of crack cocaine he retrieved from Holbrook’s hand, and the State entered that piece of cocaine into evidence along with a lab report confirming the substance as cocaine. Officer Cahn identified two hundred and seventeen dollars in U.S. currency that was retrieved from the right hand pocket of defendant’s pants, which was also offered into evidence by the State.
|4Officer Daniels testified for the State that she was the female officer called to assist with the search of the defendant on May 29, 1998. Officer Daniels stated that she conducted the strip search of the defendant in a second bedroom of the apartment and that the defendant cooperated' by undressing herself. When the defendant was almost finished undressing, the officer noticed a plastic bag under her right palm, which she kept against her buttock. When the officer asked the defendant to bend over, to move her hand, or to extend her hand, the defendant pulled away. At that point, a large quantity of rock like substance spilled on the floor from under her right palm. Officer Cahn assisted Officer Daniels as she struggled with the defendant. Officer Daniels identified the bag and the evidence contained therein as the substance she observed falling from the defendant’s hand. Officer Daniels testified that the door to the bedroom was practically closed, with the crack small enough to prevent anyone from observing the strip search. Officer Daniels testified that the defendant’s outrage and the ensuing struggle was unrelated to be *393 ing nude or the entry of the male officer into the bedroom, stating that the defendant exhibited outrage before entering the bedroom.
ERRORS PATENT
A review of the record for errors patent reveals the trial court erred in the sentence it imposed upon the defendant. The court imposed the minimum sentence allowed by law for attempted possession with the intent to distribute cocaine as a second offender and for attempted distribution of cocaine as a second offender, seven and one-half years. However, the court erred by failing to order that the sentence was at hard labor and that the first | ¡¡two and one half years[1] of each sentence be served without benefit of parole, probation, or suspension of sentence. State v. Dunbar, 2000-1896 (La.App. 4 Cir. 8/8/01), 798 So.2d 178, 181. Thus, the sentence imposed by the trial court was illegally lenient.
In instances where statutory restrictions are not recited at sentencing, La.Rev.Stat. Ann. 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Additionally, this paragraph self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence, which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute. State v. Williams, 2000-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799.
ASSIGNMENT OF ERROR NUMBER 1
The defendant first argues that there was insufficient evidence to convict the defendant of both attempted distribution of cocaine and attempted possession with intent to distribute cocaine. In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, 523 So.2d 1305; Green, 588 So.2d 757. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and com *394 mon experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
In the instant case, the defendant was convicted of attempted possession of cocaine with the intent to distribute. In State v. Page, 95-2401, p. 28 (La. App. 4 Cir. 8/21/96), 680 So.2d 700, 717, this Court stated:
To prove that a defendant attempted to possess a controlled dangerous drug, the State must prove that the defendant committed an act tending directly toward the accomplishment 17of his intent, i.e. possession of the drugs. State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). Moreover, the State need only establish constructive possession, rather than actual or attempted actual possession of cocaine, to support an attempted possession conviction. State v. Jackson, 557 So.2d 1034 (La.App. 4th Cir.1990). A person found in the area of the contraband can be considered in constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983). An intent to distribute can be inferred from the quantity found in the defendant’s possession. Trahan, supra.
Determining whether the defendant had constructive possession depends upon the circumstances of each case; and among the factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are: whether the defendant knew that illegal drugs were present in the area; the defendant’s relationship to the person in actual possession of the drugs; whether there is evidence of recent drug use; the defendant’s proximity to the drugs; and, any evidence that the area is frequented by drug users. State v. Allen, 96-0138 (La.App. 4 Cir. 12/27/96), 686 So.2d 1017. However, the mere presence of the defendant in an area where drugs are found is insufficient to prove constructive possession. State v. Collins, 584 So.2d 356 (La.App. 4 Cir. 1991).
The defendant was also convicted of attempted distribution of cocaine. La. R.S. 40:967 provides that it shall be unlawful for any person “knowingly or intentionally ... [t]o ... distribute, or dispense, a controlled dangerous substance classified in Schedule II.” Cocaine and its derivatives are listed in Schedule II. La. R.S. 40:964. A defendant is guilty of distribution of cocaine when he transfers possession or control of cocaine to his intended recipients. State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; see La. R.S. 40:961(14). To support a conviction for attempted ^distribution of cocaine, “the State must prove that the defendant had the specific intent to commit the crime and did or omitted some act toward accomplishing his goal.” State v. McGee, 98-2116 (La.App. 4 Cir. 2/23/00), 757 So.2d 50, 58. A person may be convicted of an attempt to commit a crime even where it appears that the defendant actually perpetrated the offense. La. R.S. 14:27; McGee, 98-2116, 757 So.2d 50, 58. To convict for distribution of cocaine, the state must show (1) “delivery” or “physical transfer;” (2) guilty knowledge of the controlled dangerous substance at the time of *395 transfer; and (3) the exact identity of the controlled dangerous substance. McGee, 98-2116, 757 So.2d 50, 58, citing State v. Miller, 587 So.2d 125, 127 (La.App. 2d Cir.1991).
In the case at bar, the police officer testified that he observed the defendant engage in a hand-to-hand narcotics transaction. He stated he watched as the defendant took currency from a female and gave her a small object. The officer further stated that he observed the defendant stuff something down the back of her pants. The officer then detained the female while his partner pursued and detained the defendant. The officer was present when the bag of additional rocks of cocaine held by the defendant in her hand broke open during a struggle with the female officer. United States currency in the amount of two hundred and seventeen dollars was found on the defendant’s person. The testimony of the officer that he observed the defendant engage in a narcotics transaction and the discovery of additional rocks of cocaine and two hundred and seventeen dollars on the defendant’s person were sufficient evidence for the trial court to conclude that the defendant was guilty of attempted possession with the intent to distribute cocaine and attempted distribution of cocaine. This assignment of error is without merit.
^ASSIGNMENT OF ERROR NUMBER 2
The defendant next argues that she was twice put in jeopardy for the same offense when the State was permitted to charge both distribution of cocaine and possession with intent to distribute cocaine. Charging a defendant with both distribution of cocaine and possession with intent to distribute cocaine does not violate the double jeopardy clause, where a defendant committed two separate and distinct acts, such as distributing cocaine to an individual and then, upon arrest, being found in possession of more drugs. State v. Baptiste, 99-0288, p. 2 (La.App. 4 Cir. 3/29/00), 759 So.2d 173, 174. As discussed in assignment of error number one, it appears that the evidence was sufficient to show that the defendant committed two distinct acts. Therefore, charging the defendant with both distribution of cocaine and possession with intent to distribute cocaine does not violate the double jeopardy clause. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 3
The defendant contends that the prohibition against double jeopardy was violated when the trial court found the defendant guilty of both attempted distribution of cocaine and attempted possession with intent to distribute cocaine when both charges arose out of the same offense. The Louisiana Supreme Court in City of Baton Rouge v. Ross, 94-0695 (La.4/28/95), 654 So.2d 1311, 1345 stated:
In State v. Carouthers, 607 So.2d 1018, 1028 (La.App. 3 Cir.1992), vacated on other grounds, 618 So.2d 880 (La.1993), the court of appeal found that where nine rocks of cocaine seized in the defendant’s room were used to prove possession of cocaine with intent to distribute, and two other rocks sold to an undercover officer were used to prove distribution of cocaine, no double jeopardy attached because the “same evidence” was not used to secure each conviction. Ca-routhers may be contrasted with State v. Leblanc, 618 So.2d 949, 957 (LaApp. 1 Cir.1993), where the court found that the use of the same package of cocaine to prove possession of cocaine and 1 inattempted distribution of cocaine arising out of the same transaction constituted double jeopardy under the “same evidence” test. See also State v. Two- *396 hig, 624 So.2d 16, 17 (La.App. 4 Cir. 1993).
As discussed above, the evidence was sufficient to show the defendant engaged in two distinct acts, and the evidence used to find the defendant guilty of each crime was distinct: the single rock of cocaine for the distribution charge and the bag of additional rocks of cocaine for the possession with intent to distribute charge. Therefore, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 4
Lastly, the defendant claims that the trial court committed reversible error when it denied the motion to suppress evidence because absent Officer Cahn’s claim that he saw the defendant stuff contraband down the back of her pants, there was no basis for the strip search of the defendant. On mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard but reviews conclusions to be drawn from those facts de novo. State v. Hamilton, 2000-1176, p. 5-6 (La.App. 4 Cir. 9/13/00), 770 So.2d 413, 417-418. The trial judge, nevertheless, has broad discretion in assessing the credibility of witnesses. State v. Spotville, 99-719, p. 9 (La.App. 5 Cir. 12/21/99), 752 So.2d 244, 248-249, citing State v. Parkerson, 415 So.2d 187, 189 (La.1982).
The defendant argues that Officer Pittman, who did not testify at either the motion hearing or the trial, allegedly pursued the defendant, followed her into her apartment, detained her, arrested her, and patted her down for weapons. Officer Cahn’s claim is not worthy of belief, argues the defendant, as he was preoccupied with detaining Ms. Holbrook, and Officer Pittman would have been better able to testify as to the course of events regarding the arrest of the defendant and any basis for a strip search. A In search performed incident to lawful arrest has long been recognized as an exception to the warrant requirement. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). To validate a warrantless search under this exception, the State is required to affirmatively show that probable cause to arrest existed. State v. Buckley, 426 So.2d 103 (La.1983); State v. Zielman, 384 So.2d 359 (La.1980).
This Court recently held La. C.Cr.P. art. 213 authorizes a policeman to arrest a person who has committed an offense in his presence. State v. Daniel, 2001-1736, p. 3 (La.App. 4 Cir. 2/13/02), 811 So.2d 84, 87. The search of a defendant is legal if there is probable cause for his arrest, and probable cause exists when the facts and circumstances known to the officers and of which they have reasonably trustworthy information are sufficient to justify the belief by a man of ordinary caution that the suspect has committed or is committing a crime. Daniel, 2001-1736, p. 3, 811 So.2d 84, 87. Officer Cahn testified unwaveringly at the hearing on the motion to suppress and at the trial that, after he witnessed the defendant conduct what he believed to be a hand to hand drug transaction, he saw the defendant stuff something down the back of her pants. The officer further testified that based on his experience and training, he surmised that the defendant was secreting contraband. Officer Cahn had probable cause to arrest the defendant for distribution of cocaine after he observed what appeared to be a hand-to-hand drug transaction. The trial .court did not abuse its discretion in assessing the credibility of the witness. Thus, there is no merit to defendant’s argument that the trial court should have disregarded Officer Cahn’s observations.
*397 I ^CONCLUSION
For the foregoing reasons, we find that there was sufficient evidence to convict the defendant on both charges. The defendant was not put in jeopardy when she was charged with distribution of cocaine and possession with intent to distribute cocaine. The prohibition against double jeopardy was not violated since the offenses did not arise out of the same events. The trial court did not err in denying defendant’s motion to suppress the evidence.
Therefore, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The version of La. R.S. 40:967B(4)(b); 40:979 in effect at the time of the defendant's crimes required "a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence.”