919 So.2d 730 (2005)
STATE of Louisiana
v.
Raphel TORRES.
No. 05-KA-260.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
*731 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Vincent Paciera, Jr., Roger Jordan, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Rafael Torres, In Proper Person.
*732 Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and JAMES C. GULOTTA, Pro Tempore.
EDWARD A. DUFRESNE, JR., Judge.
This is defendant's second appeal. It relates solely to the resentencing proceedings.
On February 21, 1995, defendant, Raphel Torres, pled guilty to one count of possession of cocaine with intent to distribute and two counts of distribution of cocaine. Pursuant to a plea agreement, the trial court sentenced defendant to five years at hard labor on each count, with the sentences to run concurrently.
Following a hearing on September 28, 1995, the trial court found defendant to be a second felony offender. On that day, the trial court vacated the sentences on each count, and sentenced defendant to serve fifteen years at hard labor.
Defendant's counsel filed an Anders[1] appeal. This court found no non-frivolous issues to support the appeal. This court did notice, as a patent error, that the trial court had vacated the sentences on all three counts, and failed to state which sentence was to be enhanced following the habitual offender finding. This court affirmed defendant's conviction and habitual offender finding, vacated the sentence, and remanded the case for clarification. State v. Torres, 96-70 (La.App. 5 Cir. 5/28/96, 675 So.2d 307) (not designated for publication).
Pursuant to this court's remand, the trial court, on August 29, 1996, conducted a hearing on the multiple offender bill. Defendant stipulated to the allegations in the habitual offender bill, and the trial judge vacated the previous five year sentence and imposed a fifteen year sentence.[2] However, once again, the judge failed to specify which sentence was to be vacated.
Subsequent to his resentencing hearing, defendant filed numerous motions relating to the sentence imposed. He also filed several applications for post-conviction relief challenging various aspects of the multiple offender proceedings. The trial court denied these applications. Defendant further filed numerous writ applications in this court and the Louisiana Supreme Court challenging the trial court's rulings on either his motions or his applications for post-conviction relief. Both this court and the supreme court denied defendant's writs.
Ultimately, on November 4, 2003, pursuant to one of defendant's motions, the trial court set aside defendant's previous sentence of five years on count one and resentenced him to fifteen years at hard labor, to run concurrently with the sentences on counts two and three. Thereafter, defendant filed a timely motion for appeal which was granted by the trial court.
In the present case, defendant's appellate counsel has filed a brief which follows the procedure approved by the United States Supreme Court in Anders v. California, supra. Counsel notes that defendant's convictions and habitual offender adjudication have been affirmed on appeal, and that the only proceedings now before this court are those having to do with defendant's habitual offender resentencing. She asserts that she has reviewed the record of defendant's habitual offender resentencing, *733 and that it contains no non-frivolous issues that may be raised on appeal. In her appellate brief, counsel requests that this court conduct an error patent review of the resentencing proceedings. She also includes a motion to withdraw in her brief.
In State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), the Fourth Circuit established the procedures to be followed when appellate counsel seeks to withdraw under Anders. Those were adopted by this court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam). Anders, 386 U.S. at 744, 87 S.Ct. at 1400, provides that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."
To comply with Jyles, appellate counsel must not only review the procedural history of the case and the evidence presented at trial; his brief must contain a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place. State v. Jyles, 704 So.2d at 242. A brief which simply states that there are no non-frivolous issues, without some discussion, and which only requests a review for errors patent, is ordinarily disallowed. State v. Singleton, 03-1307 (La. App. 5 Cir. 3/30/04), 871 So.2d 596, 598. If, after independent review, the appellate court finds a legal point that is arguable on the merits, it may either deny appellate counsel's motion to withdraw and order him to file a brief arguing that point, or it may grant the motion to withdraw and appoint substitute counsel. State v. Anderson, 01-789 (La.App. 5 Cir. 1/15/02), 807 So.2d 956, 959, writ denied, 02-0569 (La.1/24/03), 836 So.2d 42.
When an Anders brief is filed, the appellate court ordinarily reviews (1) the bill of information, to insure that the defendant was properly charged; (2) all minute entries to insure that the defendant was present at all crucial stages; (3) all pleadings in the record; and (4) all transcripts, to determine whether any ruling provides an arguable basis for appeal. Id.
Since this court has previously affirmed defendant's convictions and habitual offender finding, the only portion of the record now subject to review is the most recent resentencing proceeding. A review of the record reveals no non-frivolous issues for appeal. Accordingly, we find it appropriate to grant defense counsel's motion to withdraw.
In the present case, defendant filed a pro se brief setting forth five assignments of error. We will now address his arguments.

PRO SE ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, defendant argues that, at the habitual offender hearing on August 29, 1996, the trial court failed to advise him of his rights before accepting his admission. Defendant is not entitled to review of this issue. This court affirmed defendant's convictions and habitual offender finding on defendant's first appeal. State v. Torres, 96-70 (La.App. 5 Cir. 5/28/96, 675 So.2d 307) (not designated for publication). The only matter now before this court is defendant's habitual offender resentencing.

PRO SE ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
In his second and third pro se assignments of error, defendant claims *734 that his most recent multiple offender sentencing was untimely, since it occurred more than nine years after his convictions, and after his original five year sentence was completed.
LSA-C.Cr.P. art. 874 provides that a sentence shall be imposed without unreasonable delay. While LSA-R.S. 15:529.1 does not establish a time limit for habitual offender proceedings, the jurisprudence holds that a multiple offender bill must be filed within a reasonable time after the state learns the defendant has prior felony convictions. State v. Muhammad, 03-2991 (La.5/25/04), 875 So.2d 45, 55. This rationale is based upon a defendant's constitutional right to a speedy trial and to know the full consequences of the verdict within a reasonable time. State v. Anderson, 01-158 (La.App. 5 Cir. 5/16/01), 788 So.2d 561, 562.
Speedy trial concerns require that habitual offender proceedings also be completed in a timely manner. State v. Muhammad, 875 So.2d at 55. The Muhammad court stated, "Abusive or vindictive delay should not be tolerated. The longer the State delays filing and is responsible for postponing completion of the habitual offender proceeding, the more likely it is that the delay will be charged against the State." Id. The supreme court, overruling State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974), found that there is no bright line deadline by which a multiple offender proceeding must be completed. Muhammad, 875 So.2d at 56.
The defendant in Muhammad was convicted of seventeen counts of access device fraud, and was sentenced as a multiple offender. The defendant appealed, and the case was twice remanded for rehearing on the habitual offender bill. On the second remand, the trial court again found Muhammad to be a multiple offender. Due to the appeals and remands, the defendant was not finally adjudicated a habitual offender until four months after his full sentence completion date. On Muhammad's third appeal, the defendant argued that the habitual offender finding should be vacated, as the hearing and sentencing occurred after he completed the sentence for the underlying offense.
The Louisiana Supreme Court affirmed the defendant's habitual offender finding and sentence, concluding that the delay in rehearing and resentencing was due to the appeal process, and that there was nothing in the record to establish abusive or vindictive behavior on the part of the state. Similarly, the delay in defendant's resentencing in this case is not attributable to abusive behavior on the part of the state. Rather, the delay was due to the appellate process. Defendant has appealed twice, has filed several applications for post-conviction relief, as well as numerous applications for supervisory writs. Based on the foregoing discussion, these two assignments of error are without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment, defendant asserts that the trial court erred by failing to comply with the provisions set forth in La. R.S. 15:529.1(D)(3). That article reads as follows:
When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence vacated.
*735 In his pro se brief, defendant asserts that "... the court should have deducted the time this petitioner had served prior to the imposition of the habitual offender sentence, (which in this case was approximately 113 months at the time he was sentenced); from the Fifteen (15) years he's presently serving; then resentencing the petitioner to the remainder, which in petitioner's case at the time of sentencing equaled 67 months."
In the present case, both the commitment and the transcript from November 4, 2003, show that the trial court granted defendant credit for time served. Although defendant argues to the contrary, we find that the trial court's granting of credit for time served complies with the provisions of LSA-R.S. 15:529.1(D)(3). Accordingly, this assigned error is likewise without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER FIVE
In his final assigned error, defendant complains that the trial court erred in failing to provide a factual basis for the sentence imposed at the time of his habitual offender resentencing in accordance with LSA-C.Cr.P. art. 894.1. Defendant further contends that the trial court should have ordered a pre-sentence investigation report ("PSI") prior to the resentencing, in order to learn of current mitigating factors.
It is first noted that a PSI is an aid to the trial court, and is not a defendant's right. Rather, the question of whether a PSI is ordered is discretionary on the part of the trial court. LSA-C.Cr.P. art. 875; State v. Sanborn, 02-257 (La.App. 5 Cir. 10/16/02), 831 So.2d 320, 331, writ denied, 02-3130 (La.9/26/03), 854 So.2d 346.
The purpose behind LSA-C.Cr.P. art. 894.1 is to provide an explanation for a particularized sentence when the trial court is given discretion to choose a sentence tailored to the offender's circumstances from within a legislatively provided sentencing range. Defendant is correct in his assertion that the trial judge did not give reasons when resentencing him on November 4, 2003. While the trial court did not formally comply with the provisions of Article 894.1, it imposed the lowest possible sentence under the underlying statute and the Habitual Offender Law.[3] There was no reason for the judge to explain a term that was statutorily mandated. See, State v. Daniel, 01-1736 (La. App. 4 Cir. 2/13/02), 811 So.2d 84, 88, writ denied, 02-0649 (La.11/1/02), 828 So.2d 563. Thus, the trial court did not err in declining to put reasons on the record. This assigned error is without merit.

ERRORS PATENT DISCUSSION
We have also reviewed the resentencing proceedings for errors patent. See, State v. Parent, 03-653 (La.App. 5 Cir. 10/28/03), 860 So.2d 170, 174, writ denied, 03-3169 (La.5/21/04), 874 So.2d 171. Our review reveals no errors which require corrective action.
Based on the foregoing discussion, we grant defense counsel's motion to withdraw. Further, having found no errors patent and no merit to defendant's pro se arguments, we affirm his multiple offender sentence.
AFFIRMED.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Since this court affirmed defendant's habitual offender finding on appeal, it was only necessary for the trial court to clarify which of the three sentences was to be enhanced. It was not necessary for defendant to stipulate to the allegations.
[3] As a second felony offender, the sentencing range to which defendant was exposed was fifteen to sixty years.