1 .KLEES, Chief Judge.
Defendant Vonda Baptiste was charged by bill of information on July 15, with distribution of cocaine, a violation of La. R.S. 40:967. She was arraigned and pled not guilty on July 28, 1998. On August 11, 1998, a motion to quash she had filed was denied. On August 19, 1998, she withdrew her former plea and pled guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976). She was sentenced to five .years at hard labor, suspended, with active probation. She filed a motion for appeal that day.

FACTS:

A police narrative establishes the underlying facts. In an undercover operation, the defendant approached the officer and asked if he was looking for rocks. As officers watched, she walked over to a man, gave him the money the officer had given her, and returned with a rock of crack that she gave to the officer. She was arrested for possession and found to be in possession of more drugs. The narrative explains:
It should be noted that the subjects were not arrested for the distribution charge at that time due to the fact that the investigation was ongoing. It should be further noted that at the conclusion of the investigation, Officer Veit prepared an arrest warrant and at which time a round up was conducted....
On 09-28-95, members of the task force executed the warrants and at which time they were unable to locate Mr. Nelson and Miss Baptiste. Officer Veit relocated to N.C.I.C. where he gave the warrants to be put on file for their arrest.
The docket master in case 379-913“A” states that the defendant was charged with two counts of possession of distribution of crack, and that a co-defendant Clifton Nelson was charged with one count of distribution of crack. However, the [2bill of information establishes that the defendant was charged with one count of distribution and one count of possession with intent to distribute. The defendant was at large until she apparently turned herself in on July 6, 1998. The docket master states that on July 13, 1998, she pled guilty as charged and was sentenced to five years at hard labor, suspended and three years active probation. The minute entry of July 13, 1998, states the same thing. The plea form states that she was pleading guilty to possession with intent to distribute.

ASSIGNMENT OF ERROR ONE:

The defendant argues that the trial court erred in denying her motion to quash which was based on double jeopardy. She argues that because the docket master and minute entry state that she pled guilty as charged in 379-913“A” she should not have been prosecuted again in this case since she has pled guilty to two counts. She also argues that double jeopardy was violated because the acts constituted one continuous transaction. This court recently reviewed the law on point in State v. Jones, 97-KA-2217, p. 6-9 (La.App. 4 Cir. 2/24/99), 731 So.2d 389, 393-395, writ denied 99-1702 (La.11/5/99), 751 So.2d 234:
Article 1, § 15 of the Louisiana Constitution of 1974, and the Fifth and Fourteenth Amendments of the United States Constitution, prohibit placing a person in jeopardy twice for the same offense. See also La.Code Crim. Proc. art. 591.
Article 596 of the Louisiana Code of Criminal Procedure, in pertinent part, provides that double jeopardy exists in a second trial when the charge is “[b]ased on a part of a continuous offense for *175 which the defendant was in jeopardy in the first trial.”
When evaluating double jeopardy claims, Louisiana courts have recognized both the Blockbwrger test and the “same evidence” test; however, courts have mainly relied upon the “same evidence” test. See, e.g., State v. Vaughn, 431 So.2d 763 (La.1983). Nonetheless, the Louisiana Supreme Court has not adopted a “same transaction” test, which would prohibit, on double jeopardy grounds, prosecution for different crimes committed during one sequential and continuing course of conduct. City of Baton Rouge v. 3Jackson, 310 So.2d 596, 598 (La.1975); State v. Gaines, 96-1850, p. 9 (La.App. 4 Cir. 1/29/97), 688 So.2d 679, 684, writ denied, 97-0510 (La.9/5/97), 700 So.2d 503. Consequently, an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy. State v. Nichols, 337 So.2d 1074, 1076-78 (La.1976); Gaines, supra, p. 9; 688 So.2d at 684.
In State v. Watson, 97-0353 (La.App. 4 Cir. 1/23/98), 706 So.2d 1044, writ denied, 98-0461 (La.6/26/98), 719 So.2d 1055, the defendant was arrested in Jefferson Parish for possession with intent to distribute cocaine that was found in his car. That same evening, more cocaine was seized from the defendant’s apartment in Orleans Parish pursuant to a consensual search; the defendant was later arrested in Orleans Parish. After pleading guilty in Jefferson Parish to possession with intent to distribute cocaine, the defendant was charged in Orleans' Parish with the same offense, relative to the cocaine seized from his apartment. The defendant filed a motion to quash on the ground of double jeopardy, arguing that his convictions were for one continuous offense.
This court found otherwise. It reasoned that the bill of information filed in Jefferson Parish specifically charged Watson with possession with intent to distribute eighty-eight grams of cocaine, the amount of the cocaine seized from his vehicle. The bill of information filed in Orleans Parish charged the defendant with possession with intent to distribute cocaine, with no amount listed. An Orleans Parish police report, however, listed the amount of cocaine as thirty-five grams, as did the application for the arrest warrant obtained in Orleans Parish. The State also indicated its intent to use thirty-five grams of cocaine as evidence in the Orleans Parish prosecution. Further, in the bill of particulars, the State indicated the offense was committed at the defendant’s apartment in Algiers. This court concluded the Orleans Parish charge related only to the cocaine seized in Orleans Parish, while the Jefferson Parish charge related only to the cocaine seized in that parish. This court noted that double jeopardy would lie only if the Jefferson Parish prosecution had included the cocaine seized in Orleans Parish. In State v. Caballero, 472 So.2d 85 (La.App. 5 Cir.1985), the defendant was arrested in Orleans Parish for possession with intent to distribute 7,000 methaqualone tablets found in his car. Pursuant to a consensual search, the police seized 24,000 me-thaqualone tablets from the defendant’s Jefferson Parish home. The defendant pleaded guilty as charged to possession with intent to distribute methaqualone in Orleans Parish in October of 1983. In April of 1984, the defendant was indicted in Jefferson Parish for possession of methaqualone with intent to distribute. He filed a motion to quash, urging double jeopardy. It was stipulated that the methaqualone tablets found in Orleans Parish were part of, and taken from, the cache of drugs found in the Jefferson Parish residence. The defendant argued that his conviction in Orleans Parish was for one continuous course of conduct, which involved the simultaneous possession throughout the *176 two parishes of two caches of an original source of methaqualone tablets. This court found that the 14prosecutions in the respective parishes were based on separate acts of possession with intent to distribute methaqualone perpetrated in each parish.
In City of Baton Rouge v. Ross, 94-0695, p. 16 n. 13 (La.4/28/95), 654 So.2d 1311, 1321 n. 13, the Supreme Court defined a “continuous offense” as “a continuous, unlawful act or series of acts set in motion by a single impulse and operated by uninterrupted force.” The Court opined that a “continuous offense,” which involves a single criminal “impulse,” might produce criminal consequences over a long period of time. Id. The Court noted as an example that possession of stolen goods over several months must be distinguished from the situation wherein a number of offenses are committed in the course of a single transaction, such as aggravated battery during a kidnapping. Id. For the former, the Court reasoned, only one single offense, regardless of its duration, may be prosecuted; for the latter, Article 596(2) is inappropriate and does not alone bar a prosecution for each distinct “offense” perpetrated in the single transaction. Id.
In the instant case, defendant is essentially making the same argument rejected in Watson and Caballero —he claims he was committing one continuous offense that involved the simultaneous possession of heroin on his person and inside his apartment. However, as in Watson and Caballero, defendant in fact was committing two separate offenses. While the bill of information charging the two counts of possession with intent to distribute heroin does not specifically refer to possession of the heroin that was found on his person and possession of the heroin found in his apartment, each charge in the indictment was based on different and distinct acts by defendant. Detective Toye identified the twenty-five units of heroin found on defendant’s person when he was arrested outside his apartment building. Toye also identified the brown paper bag found on the dresser in defendant’s apartment; this bag contained fourteen units of heroin in a bottle, twenty-five units of heroin in a bundle, and a clear plastic bag containing two grams of heroin. Each conviction for attempted possession with intent to distribute heroin was clearly based on two separate offenses, not one continuous offense. Accordingly, prosecution for the two offenses in the same proceeding was not prohibited by the double jeopardy clause.
Here, the defendant committed two separate and distinct acts. She distributed cocaine to an officer, and then upon her arrest, she was found in possession of more drugs. She was correctly charged with distribution and a separate count of possession with intent to distribute.
The defendant argues she already pled guilty to two counts such that this prosecution is violative of double jeopardy. However, the guilty plea in 379-913 |S“A” establishes that the defendant only pled guilty to one count of possession with intent to distribute. She was only sentenced on one count.
This assignment is without merit.[1]
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
PLOTKIN, J., DISSENTS WITH REASONS

. The court will note that should the State proceed on the other count in 379-913 "A", that prosecution would be violative of double jeopardy. The State concedes this point.