MADELEINE M. LANDRIEU, Judge.
_JjOn September 1,- 2011, the trial court heard a motion to quash based on double jeopardy filed by the juvenile, G.E. The trial court denied the motion. Following trial on the merits on the same day, the juvenile was adjudicated delinquent on all four counts charged in the petition. The juvenile filed the instant appeal from the trial court’s denial of the motion to quash and from his adjudication of delinquency.

PROCEDURAL HISTORY

The juvenile was charged, by petition filed on June 1, 2011, with one count of distribution of marijuana, in violation of La. R.S. 40:966(A)(1); one count of distribution of cocaine, in violation of La. R.S. 40:967(A); one count of possession with intent to distribute marijuana, in violation of La. R.S. 40:966(A)(2); and one count of possession with intent to distribute cocaine, in violation of La. R.S. 40:967(B)(4)(b). On August 31, 2011, the juvenile filed a motion to quash alleging that charging him with both distribution and possession with intent to distribute marijuana and cocaine constitutes double jeopardy. This motion was heard and denied on September 1, 2011. The court then proceeded to trial on the | ¿merits and adjudicated the juvenile delinquent on all counts. Thereafter, the juvenile timely filed the instant appeal.

STATEMENT OF FACTS

On May 20, 2011, Detective Derrick Burke, New Orleans Police Department (“NOPD”) Major Case Narcotics Unit, was conducting a “bust/buy” operation and made himself available to street-level drug dealers to purchase narcotics. The NOPD photocopied currency to keep track of the serial numbers and provided the currency to Det. Burke to facilitate a purchase during the operation. Det. Burke made contact with Daryl Martin[1] and told Mr. Martin that he wanted to buy two “dimes,” or ten-dollar portions of crack cocaine. Mr. Martin got in Det. Burke’s vehicle and directed him to an abandoned residence at 4401 Thalia Street in New Orleans. From the vehicle, Det. Burke observed numerous males in the residence. . Mr. Martin entered the residence and then returned to the vehicle. Det. Burke gave Mr. Martin two of the photocopied bills, one twenty dollar bill and one ten dollar bill, and Mr. Martin gave Det. Burke two pieces of crack cocaine and a small bag of marijuana.[2] Det. Burke drove away and Mr. Martin reentered the residence. Det. Burke alerted the “takedown” team who arrived on the scene approximately three minutes later.
The “takedown” team consisted of Detectives Chris Durning, Joseph Lainez and Andrew Roccafort. Det. Durning testified that as he entered the residence, he saw two individuals at a window and saw a bag thrown out of this window. Det. Durning collected the bag which contained thirteen individually packaged bags of marijuana. Det. Durning also testified that money was *866 retrieved from various ¡..¡occupants in the residence, including the juvenile G.E. He had all individuals sign receipts for the money collected from them.
Det. Lainez testified as to the state of the residence and that it appeared to have been abandoned for quite some time. There was no electricity or functioning bathroom in the residence. He testified that he recovered a piece of plastic, which contained twelve individually wrapped pieces of crack cocaine, from a hole in the floorboard in the residence. Det. Lainez further testified that he observed the juvenile in close proximity to the location from which he recovered the crack cocaine.
Det. Roccafort testified that upon entering the residence, he observed four individuals and one table — which had a milk crate, a five-gallon bucket, a box of sandwich bags, and a razor blade resting on it. He testified that during a search of the individuals, he recovered the money given to Mr. Martin by Det. Burke. He recovered the ten dollar bill from the juvenile and the twenty dollar bill from another individual.
ASSIGNMENTS OF ERROR
The juvenile asserts two assignments of error.
1. That the trial court erred in denying his motion to quash based on double jeopardy.
2. That the evidence presented at trial was insufficient to adjudicate the juvenile delinquent on the charges.
DISCUSSION
In the instant case, the juvenile is charged with both distribution and possession with intent to distribute marijuana and cocaine. The juvenile asserts that distribution and possession with intent to distribute are essentially subsections |4of the same crime. Therefore, he alleges that charging him with both crimes constitutes double jeopardy. He further asserts that the state failed to prove that he was a principal to the charges pursuant to La. R.S. 14:24.
DOUBLE JEOPARDY
Under La.C.Cr.P. Art. 596,
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
A defendant has a right not to be twice placed in jeopardy for the same offense. U.S. Const. Amend.. V; La. Const. Art. I, Sec. 15. In order to determine whether or not a double jeopardy violation has occurred, Louisiana courts recognize both the “same elements” test, Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1982), and the “same evidence” test, State v. Baptiste, 99-0288, p. 2 (La.App. 4 Cir. 3/29/00), 759 So.2d 173, 175.
(3) The Blockburger test requires a comparison of the elements of the statutes under which a defendant is charged. In Blockburger, the Supreme Court stated that “[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.” Blockburger v. U.S., 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) See, Gavieres v. United States, 220 U.S. *867 338, 342, 31 S.Ct. 421, 55 L.Ed. 489 (1911). The Blockburger court held that two statutes could be violated by one act. The juvenile’s argument that distribution and possession with [fiintent to distribute contain the same elements and therefore constitute double jeopardy is without merit. In the instant case, the charges of distribution and possession with intent to distribute stem from different acts or transactions. The charges of distribution of cocaine and marijuana stem from the sale by Mr. Martin to Det. Burke. The charges of possession with intent to distribute cocaine and marijuana stem from the recovery of narcotics in the abandoned residence.
In Baptiste, this Court held that charging a defendant with both possession of a narcotic and distribution of that same narcotic does not constitute double jeopardy where the defendant commits two separate and distinct acts. Id. at 175. In City of Baton Rouge v. Ross, 94-0695 (La.4/28/95), 654 So.2d 1311, 1322, the court stated that the “same evidence” test focuses upon the actual physical and testimonial evidence necessary to secure a conviction. Under the “same evidence” test, “[i]f the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one.” State v. Steele, 387 So.2d 1175, 1177 (La.9/3/80). In State v. Armstead, 2002-1030, p. 8 (La.App. 4 Cir. 11/6/02), 832 So.2d 389, 395, the arresting officer testified that he observed the defendant engage in a narcotics transaction and after arresting her, a female officer discovered additional rocks of cocaine and two hundred seventeen dollars on the defendant’s person. This Court affirmed the trial court’s finding that this was sufficient evidence for it to conclude that the defendant was guilty of attempted possession with the intent to distribute cocaine and attempted distribution of cocaine. Based upon this reasoning, this Court found that this did not violate the double jeopardy clause as the charges arose from the defendant committing two separate and distinct acts.
IfiThe facts in the instant case are virtually identical. The evidence in the instant case was seized at different times and at different locations. Mr. Martin sold two rocks of crack cocaine and a bag of marijuana to Det. Burke. This evidence was used to prove the distribution charges. Upon entering the residence, the “take-down” team recovered thirteen individually wrapped bags of marijuana and twelve individually wrapped pieces of crack cocaine. This evidence was used to prove the possession with intent to distribute charges. The same evidence was not used to secure convictions for both possession with intent to distribute and distribution. The Court finds no error.
ADJUDICATION OF DELINQUENCY
In a delinquency proceeding, the State- must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La.Ch.C. art. 883. Just as in a proceeding against an adult, the constitutional standard for evaluating the sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all of the essential elements of the crime beyond a reasonable doubt. State in Interest of R.T., 2000-0205, p. 2 (La.2/21/01), 781 So.2d 1239, 1241, citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). An appellate court reviews the facts and evidence and applies the law as it does in an adult proceeding. The appellate court gives deference to the trier-of-fact that observed the demeanor of the witnesses *868 and was in the best position to determine credibility and the weight to be given the evidence. La. Const. Art. 5, § 10(A) and (B); State ex rel J.L., 2009-0792, p. 5 (La.App. 4 Cir. 10/14/09), 23 So.3d 993, 995; State ex rel J.N., 2007-1229, pp. 7-8 (La.App. 4 Cir. 5/7/08), 984 So.2d 910, 915. If rational triers of fact could disagree as to the interpretation of evidence, the trier’s |7view of evidence most favorable to the state must be adopted. State v. Shaw, 2007-1427, p. 15 (La.App. 4 Cir. 6/18/08), 987 So.2d 398, 407.
In the instant case, the juvenile was adjudicated delinquent on four counts: one count of distribution of marijuana, one count of distribution of cocaine, one count of possession with intent to distribute marijuana, and one count of possession with intent to distribute cocaine. Pursuant to La. R.S. 14:24, the trial court found that the juvenile was a principal to all charged offenses and adjudicated him delinquent on all counts. La. R.S. 14:24 states, “All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.” To support a defendant’s conviction as a principal, the State must show that the defendant had the requisite mental state for the crime. State v. Saylor, 01-451 (La.App. 5 Cir. 11/27/01), 802 So.2d 937, 941, writ denied, 2001-3406 (La.10/4/02), 826 So.2d 1122. Specific intent is defined as that state of mind which exists when the circumstances indicate the offender actively desired the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(1), State ex rel. J.L. 23 So.3d at 995. As a general rule, the law of principals applies to all crimes including those for the offense of narcotics distribution, defined as the “delivery” or transfer of possession and control over controlled substances. State v. Brown, 05-102, p. 6 (La.App. 5 Cir. 5/31/05), 904 So.2d 805, 808, writ denied, 2006-1287 (La.1/26/07), 948 So.2d 159.
The evidence produced at trial in the instant case was sufficient to sustain a conviction on all four charges. The juvenile was charged with distribution of marijuana and cocaine. La. R.S. 40:966(A)(1) provides that it shall be unlawful for | ¡¡any person to knowingly or intentionally distribute, or dispense, a controlled dangerous substance classified in Schedule I.[3] La. Rev.Stat. 40:967(A) provides that it shall be unlawful for any person to knowingly or intentionally distribute, or dispense, a controlled dangerous substance classified in Schedule II.[4] To prove distribution of a controlled dangerous substance, the state had to prove (1) delivery or physical transfer, (2) guilty knowledge of the controlled dangerous, substance at the time of transfer, and (3) the exact identity of the controlled dangerous substance. State v. Kanost, 99-1822, p. 4 (La.App. 4 Cir. 3/29/00), 759 So.2d 184, 187. The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Sylvia, 2001-1406, p. 3 (La.4/9/03) 845 So.2d 358, 361; State v. Trahan, 425 So.2d 1222 (La.1983). A defendant is guilty of distribution of cocaine when he transfers possession or control of cocaine to his intended recipients. State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132,1135.
Det. Burke testified that during a “bust/buy” operation, he transported Mr. Martin to an abandoned residence located *869 at 4401 Thalia Street. Det. Burke then transferred money to Mr. Martin, who in turn delivered the cocaine to Det. Burke. The juvenile was apprehended from the abandoned residence and found to be in possession of the photocopied ten dollar bill used by Det. Burke to purchase the narcotics. Pursuant to La. R.S. 14:24, the juvenile was adjudicated delinquent on these two counts as a principal to the offenses.
The juvenile was also charged with possession with intent to distribute marijuana and cocaine. La. R.S. 40:966(A)(2) provides that it shall be unlawful for |9any person to knowingly or intentionally possess with intent to distribute a controlled dangerous substance classified in Schedule I. La. R.S. 40:967(B)(4)(b) provides that it shall be unlawful for any person to knowingly or intentionally possess with intent to distribute a controlled dangerous substance classified in Schedule II. Intent to distribute can be inferred from the circumstances surrounding the arrest. State v. Hearold, 603 So.2d 731, 735 (1992). In Hearold, the Louisiana Supreme Court explained that: “Intent is a condition of mind which is usually proved by evidence of circumstances from which intent may be inferred.” Id. The court further listed five factors useful in determining whether circumstances are such that intent to distribute can be inferred:
(1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant’s possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.

Id.

This Court interpreted this list as “useful” in determining whether circumstantial evidence is sufficient to prove intent to distribute and stated that the holding in Hea-rold does not require that the evidence fall squarely within these factors to find the requisite intent to distribute. State ex rel. J.L., 23 So.3d at 996; State v. Cushenberry, 94-1206, p. 6 (La.App. 4 Cir. 1/31/95), 650 So.2d 783, 786.
In the instant case, the state proved the following: Det. Durning observed someone throw a bag containing thirteen smaller bags of marijuana out of a window of the residence. Det. Lainez recovered twelve individually wrapped pieces of crack cocaine from within this residence. All of the narcotics recovered were packaged in the same manner as the narcotics purchased by Det. Burke. The | injuvenile was apprehended in close proximity to the location where the crack cocaine was discovered by the detectives. The detectives who were part of the “takedown” team testified that the residence contained materials consistent with drug dealing and had no other apparent purpose than to serve as a center for narcotics distribution. Pursuant to La. R.S. 14:24, the juvenile was also adjudicated delinquent on these two counts as a principal to the offenses. Analyzing the facts of this case in conjunction with the Hearold factors, we find that the trial court’s finding was supported by the evidence in this case.
CONCLUSION
Viewing the totality of the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that the juvenile was a principal to all of the charged offenses. The evidence presented *870 by the state clearly supports the trial court’s ruling. Accordingly, the judgment is affirmed.
AFFIRMED

. The transcript refers to this individual as both "Daryl” and "Durrell.” We will refer to him only as "Datyl."

. At trial, the State and the defense stipulated that the substances recovered tested positive as marijuana and cocaine.

. Marijuana is included in Schedule I. La. R.S. 40:964.

. Cocaine and its derivatives are included in Schedule II. La. R.S. 40:964.