JENKINS, J.,
dissents and assigns reasons.
hi respectfully dissent.
Although the juvenile defendant did not assign as error the insufficiency of evidence to sustain his adjudication, “[w]hen the state’s case is devoid of evidence of an essential element of the charged offense, the conviction and sentence must be set aside ‘regardless of how the error is brought to the attention of the reviewing court.’” State v. Thacker, 14-0418, p. 2 (La.10/24/14), 150 So.3d 296, 297 (quoting State v. Raymo, 419 So.2d 858, 861 (La. 1982)). While I recognize that insufficiency of evidence is not an error patent on the face of the record, it also must not be overlooked when it becomes apparent from a review of the record. See State ex. rel. Womack v. Blackburn, 393 So.2d 1216, 1219 (La.1981); State v. Schaffer, 99-0766 (La.App. 4 Cir. 4/12/00), 767 So.2d 49, 55-56 (Plotkin, J. concurring in part and dissenting in part).
In order for a juvenile to be adjudicated delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act charged. State in the Interest of R.L., 11-1721, p. 3 (La.App. 4 Cir. 5/30/12), 95 So.3d 1147, 1150. In this case, the trial court’s adjudication of J.D. as a delinquent is based solely on the testimony of Deputy West, which fails to establish the essential elements of the offense of theft. In reviewing the sole testimonial evidence against 12defendant, Depu *734 ty West does not testify to any facts within his personal knowledge that establish the elements of the offense. Deputy West’s testifies to the substance of the non-testifying victim’s identification of the defendant without any corroborating evidence. Deputy West also testifies regarding the uncorroborated confession of the defendant that was obtained during a custodial interrogation without the benefit of Miranda warnings. Other than the problematic testimony of Deputy West, the State did not introduce any evidence at the adjudication proceeding, such as the victim’s testimony, the video surveillance, the defendant’s statements, or a police report. From my review of the record,[2] the State failed to prove the essential elements of the offense of theft beyond a reasonable doubt. Thus, I find there is insufficient evidence to sustain the adjudication of the juvenile defendant, J.D., for'theft.[3]
The offense of theft is defined in La. R.S. 14:67 as follows:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
In order to convict a defendant of the offense of theft, the State must prove the following essential elements beyond a reasonable doubt: (1) the defendant misappropriated or took without consent or by fraudulent conduct; (2) a thing of value; (3) that belonged to another; and (3) defendant had the intent to deprive the owner permanently of the thing misappropriated or taken. State v. McMillian, 10-0812, p. 7 (La.App. 4 Cir. 5/18/11), 65 So.3d 801, 805 (citing State v. Pittman, [a368 So.2d 708 (La.1979)). Further, the State must prove the value of the thing taken, “for upon this proof depends the determination of the severity of the theft, and the punishment for a convicted offender.” Id. (citing State v. Monterroso, 96-376 (La.App. 5 Cir. 11/14/96), 685 So.2d 249, 251).
At the adjudication hearing, Deputy West was the sole witness to testify. He testified that he was working at the James Singleton. Charter School on July 17, 2013, when he received a call that a student was missing some items. Deputy West stated that he, his partner, and the alleged victim viewed a video. As to his own observations of the contents of that video, Deputy West stated,
A: Well, ..., we actually observed the victim playing basketball with a couple other people. During that time, there were several people standing in the area while they were playing basketball. Shortly after that, the alleged subject had picked up an item, a bag. As he picked up the bag, he walked towards a bench area, stood there for a few seconds, left without the bag, and exited toward O.C. Haley.
*735 Subsequently, in direct examination, Deputy West testified as follows:
BY [THE STATE]:
Q: Did you see the juvenile, [J.D.]? Do you know [J.D.]?
A: I don’t know him personally. I just know that there was a victim and, of course, there was a subject.
Q: The individual that took the bag? A: Yes.
Did he leave with two bags? ⅛ * * G?
Yes, he did. <ri
How did you determine the individual that took the bag and left on that video? How did you learn his identity? O’
A: Well, once we were able to get the victim and his parents together, they actually saw the video as well, the victim identified who the subject was.
The State relies upon Deputy West to provide the identification of the defendant as the person who took the bag. This identification testimony, however, |4is based wholly on the statement of a non-testifying witness.[4] Deputy West acknowledged that he had no personal knowledge of defendant. He also did not provide testimony establishing the ownership of the bag, its value, its contents, or the value of the bag’s contents. The alleged victim did not testify; and the State did not introduce any evidence establishing the ownership of the bag, its contents, or the *736 value of either. From his personal observations and knowledge, Deputy West’s testimony does not establish that any thing of value was misappropriated without consent of the owner and with an intent to deprive the owner permanently of the thing.
Deputy West then testified that he obtained a confession from defendant. He stated that he contacted the defendant’s mother and had her bring defendant to the | r,school. Deputy West “explained to [defendant] his situation and he did, in fact, confess” to taking and selling headphones for $30 to a store. Deputy West “interviewed” defendant in the presence of his mother and separately from his mother. Deputy West did not state that he provided Miranda warnings to defendant at any time prior to or during the interview. A review of this record indicates that defendant’s statements were obtained during a custodial interview without the benefit of Miranda warnings to inform defendant of his constitutional right against self-incrimination and his right to counsel. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State in the Interest of McGinnis, 244 So.2d 336 (La. 1971) (finding “[s]ince [defendant] and his parent were not informed of [his] right to counsel and his privilege against self-incrimination, the judgment of the Juvenile Court in which he was found to be delinquent was rendered without due process of law...”).
Although I agree with the majority that the issue of the admissibility of defendant’s statement in this case was not preserved for review on appeal, the testimony regarding defendant’s confession must be considered as it pertains to the sufficiency of the evidence. The State relies solely on Deputy West’s testimony to establish all essential elements of the offense. The testimony regarding defendant’s confession was offered presumably to establish defendant’s intent to deprive the owner permanently of the thing taken and the value of the thing. The State, however, does not introduce any other testimony or any evidence at the adjudication to corroborate the testimony regarding defendant’s confession.[5] Thus, I find that the State’s reliance on defendant’s uncorroborated confession violates Louisiana’s corpus de-licti rule, which requires corroboration of the reliability of anj^inculpatory statement. State v. Collins, 10-1181, pp. 9-10 (La.App. 4 Cir. 3/23/11), 62 So.3d 268, 274; State v. Martin, 93-0285 (La.10/17/94), 645 So.2d 190. Although the State is not required to show independent evidence of every element of the charged crime, the State is required to provide corroborating evidence to show that the injury specified occurred and that the injury was caused by criminal activity. Martin, 93-0285, p. 7, 645 So.2d at 195. As stated previously, the State did not offer any evidence or testimony to corroborate Deputy West’s testimony. Deputy West’s testimony that defendant confessed to taking headphones and selling them at a store cannot stand alone as both the proof and corroboration of the elements of the charged crime.
In an appeal from a delinquency proceeding, the appellate court reviews the facts and evidence and applies the law as it does in an adult proceeding; thus, the trier of fact’s credibility determinations and findings of fact are due great deference. State in the Interest of G.E., 11-1558, p. 6 (La.App. 4 Cir. 5/16/12), 94 So.3d *737 863, 867-68. However, where the record as a whole reveals a lack of sufficient evidence to establish the essential elements of the offense and sustain the adjudication, the adjudication must be set aside. See Raymo, 419 So.2d at 861. In my review of the record, I find the State failed to establish the essential elements of the offense of theft beyond a reasonable doubt and there is not sufficient evidence in this record to sustain the adjudication of defendant as a delinquent. Therefore, I would reverse the trial court’s adjudication.

. Defendant raised four assignments of error in his appeal. From my review of the record in considering those four assignments of error, the lack of sufficient evidence to support this adjudication became clear from the record itself.

. The State charged J.D. with one count of felony theft of things valued at greater than or equal to $1000. The trial court's judgment of adjudication does not specify the grade of theft, but the record of the adjudication proceedings reflects that the trial court found him guilty of a misdemeanor grade of theft. Regardless of the grade of the offense, the definition and elements of the offense remain the same.

. Defense counsel objected contemporaneously to Deputy West’s testimony on the identification by the victim "on hearsay grounds and on confrontation clause grounds;” but the trial court overruled the objection and admitted the testimony. Defendant does not assign error to the trial court's ruling on this testimony; notably however, I find clear error in the trial court’s admission of Deputy West’s testimony regarding the victim's identification of the defendant. His testimony contained the statements of a non-testifying witness and offered them to prove the truth of the matter asserted; such testimony is hearsay. La. C.E. art. 801(C).
Subject to specific exceptions, the content of a witness statement may not be testified to at trial by a law enforcement officer because such testimony violates the accused's right to confront and cross-examine the witnesses against him. State v. Hawkins, 96-0766, p. 4 (La. 1/14/97), 688 So.2d 473, 477; State v. Hearold, 603 So.2d 731 (La.1992). In Davis v. Washington, the United States Supreme Court clarified when police interrogation produces testimonial hearsay in violation of the Confrontation Clause of the Sixth Amendment.
When we said in Crawford, supra, at 53, 124 S.Ct. 1354, that ‘interrogations by law enforcement fall squarely within [the] class' of testimonial hearsay, we had immediately in mind (for that was the case before us) interrogations solely directed at establishing the facts of a past crime, in order to identify (or provide evidence to convict) the perpetrator. The product of such interrogation, whether reduced to writing signed by the declarant or embedded in the memory (and perhaps notes) of the interrogating officer, is testimonial.
Davis, 547 U.S. 813, 826, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) (citing Crawford v. Washington, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)).
In this case, Deputy West testified that he did not witness a crime either personally or on the video; he also did not have any personal knowledge of the identity of the person in the video who picked up a bag and walked away with it. Deputy West testified to the contents of the non-testifying witness’s statement and identification. Such testimony constitutes hearsay and does not fall within the exceptions under La. C.É. art. 802.
The erroneous admission of testimonial hearsay is subject to the harmless error analysis. Hawkins, 96-0766, p. 5, 688 So.2d at 478.
"An error is harmless if the verdict rendered was surely unattributable to the error.” Id. Due to the lack of any corroborating evidence to identify the defendant, I note that this testimony identifying defendant as the person in the video picking up the bag surely contributed to the verdict and constitutes prejudicial, reversible error.

. When questioned on cross-examination about the existence of a police report of this incident, Deputy West testified that he had reviewed the police report before testifying and he acknowledged that the report does not reference any statements or confession given by defendant. The State did not offer or introduce the police report or any statements or confession of the defendant.