CHAISSON, J.
b Defendant, Antoine Reid, appeals his convictions and sentences for aggravated flight from an officer and unauthorized use of a motor vehicle. In his sole assignment of error on appeal, defendant complains about a discrepancy between the sentencing transcript and the minute entry/commitment. For the reasons that follow, we affirm defendant’s convictions and sentences; however, we remand the matter for clarification of a sentencing issue relating to the concurrent nature of defendant’s sentences.
PROCEDURAL HISTORY
On February 12, 2014, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant with aggravated flight from an officer, in violation of La. R.S. 14:108.1(C) (count one), and unauthorized use of a motor vehicle, in violation of La. R.S. 14:68.4 (count two). At his arraignment on February 13, 2014, defendant pled not guilty. Thereafter, on June 16, 2014, defendant withdrew his pleas of not guilty and, after being advised of his constitutional rights, pled guilty as charged to both counts. The trial court then sentenced defendant to imprisonment in the Department of Corrections for two years on count one and five years on count two. The trial court specified that these two sentences were to “run concurrent with each other as well as concurrent with any other counts that- are outstanding.”
Following imposition of sentence, the State filed a multiple offender bill of information, as to count two, seeking to have defendant adjudicated a second felony offender. After defendant stipulated to the allegations of the multiple bill, the tidal *591 court vacated defendant’s sentence on count two and resentenced him to five years imprisonment in the Department of Corrections to “run concurrent with the other sentence.” The trial court also ordered defendant to pay restitution to the victim.
On July 17, 2015, defendant filed a “motion to run concurrent.” Therein, defendant asserted that he pled guilty to aggravated flight and unauthorized use of a movable based on his understanding that all of his sentences were to run concurrently. However, he was advised by the Department of Corrections that his “parole time” would run consecutively. In his motion, defendant requested the trial court to order that his “parole time” run concurrently with the sentences imposed pursuant to his guilty pleas. On August 17, 2015, the trial court denied defendant’s motion. The trial court first noted that defendant failed “to state for what offense or in what jurisdiction he was on parole,” Further, defendant’s sentences were imposed in conformity with the plea agreement insofar as the sentences in the instant case were ordered to run concurrently. Defendant apparently filed a second motion for concurrent sentences, which the trial court denied on September 17, 2015.[1] In denying defendant’s request that “all sentences in all case numbers run concurrently,” the trial court cited La. C.Cr.P. art. 883, which provides the law for the imposition of concurrent and consecutive- sentences, and found that defendant was not entitled to the relief requested.
On December 11, 2015, defendant filed a motion for an out-of-time appeal and reconsideration of sentence. On January 6, 2016, the trial court denied defendant’s motion to reconsider sentence and granted defendant’s motion for an out-of-time appeal.
LAW AND ANALYSIS
On appeal, defendant sets forth one assignment of error that relates to a discrepancy between the minute entry/commitment and the sentencing transcript.[2] Specifically, defendant points out that the transcript reflects that his sentences on counts one and two were to be served concurrently with each other, as well as concurrently with “any other sentences being served” by defendant; however, the minute entry fails to reflect that defendant’s sentences are to be served concurrently with any other sentences he is serving. Defendant requests that this matter be remanded solely for the correction of the minute entry/commitment to conform to the transcript of the sentencing.
The June 16, 2014 transcript reflects that defendant pled guilty to the crimes of unauthorized use of a motor vehicle and aggravated flight by refusing to stop a vehicle. In conducting the colloquy with defendant, the trial court advised him of the possible sentencing ranges for the two offenses and further advised him of the actual sentences that would be imposed as follows:
.. .if I accept your guilty plea you’ll be sentenced on the unauthorized use of a vehicle to five years in Department of Corrections, you’ll get credit for time served. On the other charge you’ll be sentenced to two years in Department of Corrections, credit for time served, and *592 the two charge sentences would run concurrent with each other.
Defendant indicated that he understood the sentencing range for the offenses and the actual sentences that would be imposed. After completing the colloquy, the trial court accepted defendant’s guilty pleas as knowingly and voluntarily made. The trial court then sentenced defendant as follows:
In accordance with Code of Criminal Procedure Article 894.1 the Court hereby sentences Mr. Reid on the refusing to stop a vehicle, two years in the Department of Corrections. On the unauthorized use of a motor vehicle, he is sentenced to five years in Department of Corrections, credit for time served on each of those, and the two counts will run concurrent with each other as well as concurrent with any other counts that are outstanding.
Following imposition of sentence, the State filed a bill of information charging defendant as a second felony offender on count two. After being advised of his rights, defendant stipulated to the allegations in the multiple offender bill of information. In conducting that colloquy with defendant on the multiple bill, the trial court advised him of his sentencing exposure and of the actual sentence that would-be imposed as follows:
You understand that the sentencing range as a multiple offender in this case is five to twenty years, and that your sentence will be five years in the Department of Corrections at hard labor, you’ll get credit for time served, It will run concurrent with any other sentence as well as you’ll be required to pay restitution in the amount of $7,000.00, do you understand, sir?
Defendant replied that he understood, and the trial court completed the colloquy and accepted defendant’s admission to the multiple offender bill as freely and voluntarily given. The trial court then vacated defendant’s sentence on count two and sentenced defendant as a second felony offender to five years in the Department of Corrections, with credit for time served. The trial court ordered the sentence to “run concurrent with the other sentence.”
The June 16, 2014 minute entry/commitment reflects that the trial court sentenced defendant to imprisonment at hard labor for a term of two years on count one and five years on count two “to run Concurrent.” With regards to the subsequent multiple offender sentence that was imposed on count two, the minute entry/commitment reflects that defendant was sentenced to five years at hard labor without benefit of probation or suspension of sentence,[3] to run concurrently with the sentence on count one. Defendant now requests that this minute entry/ commitment be corrected, in conformity with the transcript, to reflect that his sentences are to be served concurrently with any other sentences he is serving. In response, the State “concurs that the matter be remanded for a clarification of the nature of the sentences and a concomitant entry of a correct minute entry.”
La. C.Cr.P. art. 883 provides for the imposition of concurrent and consecutive sentences as follows:
If the defendant is convicted of two or more offenses based on the same act or *593 transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively! Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
In the present case, the record is clear that defendant’s sentence on count one and enhanced sentence on count two were to be served concurrently with each other. However, the record is unclear as to the concurrent nature of defendant’s sentences in relation to any other sentences being served by defendant. Although it appears that the trial court intended to impose the two instant sentences concurrent to other sentences being served, the language employed, that the two counts will run “concurrent with any other counts -that are outstanding,” does not clearly convey that intention. Accordingly, we are unable to merely order, as requested by defendant, that the minute entry/commitment be corrected to reflect that the sentences were ordered to run concurrently with any other sentences being served by defendant. Rather, we find it necessary to remand the matter for clarification as to the nature of these two sentences as they relate to any other sentences.
We have also reviewed the record for errors patent according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors that require corrective action.
Accordingly, for the reasons set forth herein, we affirm defendant’s convictions and sentences; ■ however, we remand the matter for clarification of the sentencing issue relating to the concurrent nature of defendant’s sentences.
CONVICTIONS AND SENTENCES AFFIRMED; MATTER REMANDED FOR CLARIFICATION

. Although this second motion is not contained in the appellate court record, the ruling by the trial court indicates that such a motion was filed on September 10, 2015.

. If there is a discrepancy between the minutes and the transcript, the transcript must prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983).

, It is noted that the transcript fails to reflect that defendant’s enhanced sentence was to be served without benefit of probation or suspension, in accordance with La. R.S. 15:529.1(G). However, this discrepancy is of no consequence because the "without benefits” provision is self-activating. State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, 799; La. R.S. 15:301.1.