STATE OF LOUISIANA

VERSUS

KEVIN JOHNSON

NO. 24-KA-62

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 18,669, DIVISION "D"
HONORABLE M. LAUREN LEMMON, JUDGE PRESIDING

October 16, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
John J. Molaison, Jr., and Scott U. Schlegel

**RESENTENCE AFFIRMED AS AMENDED;**
**REMANDED FOR CLARIFICATION OF**
**CONCURRENT NATURE OF SENTENCE**
**AND FOR CORRECTION OF THE UNIFORM**
**COMMITMENT ORDER; MOTION TO**
**WITHDRAW GRANTED**

> **SUS**
> **FHW**
> **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA, DEPARTMENT OF JUSTICE
Elizabeth B. Murrill
J. Taylor Gray
J. Bryant Clark, Jr.

COUNSEL FOR DEFENDANT/APPELLANT,
KEVIN JOHNSON
Prentice L. White

**SCHLEGEL, J.**

Defendant, Kevin Johnson, filed this appeal regarding his resentencing on remand from this Court. His appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw alleging that there are no non-frivolous issues to raise on appeal. After a thorough review of the record, we agree with counsel's assessment of the case and affirm defendant's resentencing as amended below. We also remand the matter to the trial court for clarification of the concurrent nature of the sentence. We further grant appellate counsel's motion to withdraw as counsel of record for defendant.

## PROCEDURAL HISTORY

This is defendant's second appeal.

Defendant was charged with one count of distribution of methamphetamine weighing less than twenty-eight grams in violation of La. R.S. 40:967(A)(1). On November 10, 2021, a six-person jury unanimously found defendant guilty as charged. On February 16, 2022, the State filed a habitual offender bill of information, alleging defendant to be a fourth-felony offender, to which defendant pled not guilty. On May 2, 2022, after a contradictory hearing, the trial court adjudicated defendant a fourth-felony offender pursuant to La. R.S. 15:529.1. The trial court sentenced defendant as a fourth-felony offender to sixteen years imprisonment at hard labor without the benefit of probation, parole or suspension of sentence under *State v. Dorthey*, 623 So.2d 1276 (La. 1993), despite the mandatory minimum sentence for a fourth-felony offender being twenty years imprisonment.

Defendant filed an appeal challenging only his conviction. The State filed a notice of intent seeking supervisory review of the trial court's deviation from the mandatory minimum sentence for a fourth-felony offender.

On August 9, 2023, this Court affirmed defendant's conviction for distribution of methamphetamine. *State v. Johnson*, 22-383 (La. App. 5 Cir. 8/9/23), 370 So.3d 150, 157-61. As to the State's writ application, this Court found that the reasons given by the trial court, including defendant's age, military history, drug addiction, family support, decision to go to trial, cooperative behavior during incarceration, and participation in jail programs, did not provide clear and convincing evidence that defendant was exceptional so as to receive a downward deviation from the mandatory minimum sentence. *State v. Johnson*, 22-300 (La. App. 5 Cir. 8/9/23), 370 So.3d 140, 149. This Court held that defendant did not demonstrate unusual or exceptional circumstances to justify a reduced sentence and emphasized the habitual offender statute's presumption of constitutionality. *Id.* at 147. This Court vacated defendant's enhanced sentence and remanded for resentencing.

On October 5, 2023, following this Court's opinion, the trial court resentenced defendant to the mandatory minimum of twenty years imprisonment to be served without benefit of parole, probation, or suspension of sentence. Both parties acknowledged, and the trial court concurred, that this Court's ruling did not overturn or challenge the trial court's classification as a fourth-felony offender.

On November 6, 2023, defendant filed a motion to reconsider sentence and a motion for appeal. On November 29, 2023, the trial court denied defendant's motion to reconsider sentence and granted defendant's notice of appeal. This second appeal now follows.

Defendant's appellate counsel has filed an *Anders* brief regarding his enhanced sentence. Defendant has also filed a *pro se* supplemental appellate brief.

## FACTS

The underlying facts of the case are not relevant to defendant's second appeal. Nevertheless, a full narrative can be found in this Court's previous

opinions regarding defendant's first appeal and the State's writ application. *See State v. Johnson*, 370 So.3d 140; *State v. Johnson*, 370 So.3d 150.

## ANDERS BRIEF

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders*, *supra*, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "'a brief referring to anything in the record that might arguably support the appeal'" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988), *citing Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

In *Jyles*, *supra*, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Louisiana Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to

the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

## DISCUSSION

Defendant's appellate counsel asserts that he previously argued issues on the merits relative to Johnson's conviction and sentence during the first appeal and in response to the State's writ application. He asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on this appeal, which involves sentencing only. Counsel explains that the State's argument coupled with both decisions from this Court on August 9, 2023, in the first appeal and in the State's writ application, convinced the trial court to impose the mandatory minimum sentence. Appellate counsel filed a motion to withdraw as attorney of record that states he has notified defendant of the filing of this motion and his right to file a *pro se* brief in this appeal. As discussed further below, defendant filed a *pro se* brief raising four assignments of errors.

In this second appeal, defendant may only seek review of issues related to his resentencing. *State v. Beason*, 17-254 (La. App. 5 Cir. 11/15/17), 232 So.3d 1255, 1259, *writ denied,* 17-2170 (La. 11/20/18), 256 So.3d 998, *citing State v. Torres*, 05-260 (La. App. 5 Cir. 11/29/05), 919 So.2d 730, 733, *writ denied*, 06-

0697 (La. 10/6/06), 938 So.2d 65. Because this Court has previously affirmed defendant's convictions and habitual offender finding, the only portion of the record now subject to review is the most recent resentencing.

The record shows that defendant was present at his resentencing on October 5, 2023, and was represented by counsel. Defendant's twenty-year enhanced sentence is the mandatory minimum and falls within the sentencing range set forth in La. R.S. 40:967(B)(1) and La. R.S. 15:529.1.[1] The trial court resentenced defendant in compliance with this Court's order in defendant's first appeal. Upon review, we find that the trial court did not abuse its broad sentencing discretion and that defendant's sentence is supported by the record.

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.

## *PRO SE* ASSIGNMENTS OF ERROR

We next consider defendant's *pro* se assignments of error: (1) his conviction was unconstitutional; (2) he is factually innocent; (3) he received ineffective assistance of counsel; and (4) law enforcement committed perjury.

His *pro se* assignments of error numbers 1, 2, and 4 do not relate to resentencing though, and may not be considered in this appeal. In his third claim, defendant argues he received ineffective assistance of counsel on several grounds,

---

[1] At the time of this offense, La. R.S. 40:967 B(1)(a) provided that an individual who is convicted of distribution of methamphetamine weighing less than twenty-eight grams shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years. Pursuant to La. R.S. 15:529.1(A)(4), if the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the offender shall be sentenced to a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life. Consequently, defendant was subject to an enhanced sentence of twenty years imprisonment to life imprisonment at hard labor without the benefit of probation or suspension of sentence. *State v Johnson*, 370 So.3d 140, 148.

including, that his prior counsel: (1) failed to attack law enforcement witnesses regarding their arrest and release of the confidential informant; (2) failed to attack two of the detectives for their alleged perjury; (3) failed to assert that there was no hand-to-hand transaction; (4) failed to attack the confidential informant based on her criminal history; (5) failed to request a drug test for the confidential informant before or after her testimony; (6) did not point out that law enforcement did not obtain a search warrant for defendant's home; and (7) failed to effectively argue for an impartial jury.

Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. *State v. Lampton*, 17-489 (La. App. 5 Cir. 5/23/18), 249 So.3d 235, 244–45; *State v. Simmons*, 13-258 (La. App. 5 Cir. 2/26/14), 136 So.3d 358, 370, *writ denied,* 14-0674 (La. 10/31/14), 152 So.3d 151. This appeal is only for resentencing. Accordingly, we decline to address this assignment of error, which may be raised in an application for post-conviction relief.

**ERRORS PATENT REVIEW**

This Court already performed an errors patent review of the original record in this case at the time of defendant's first appeal, so defendant is only entitled to an errors patent review of the record on resentencing at this time. *State v. Gassenberger*, 02-658 (La. App. 5 Cir. 12/11/02), 836 So.2d 271, 274.

The record on resentencing was reviewed for errors patent. La. C.Cr.P. art. 920; *State v. Oliveaux,* 312 So.2d 337 (La.1975); *State v. Weiland,* 556 So.2d 175 (La. App. 5th Cir.1990). The following errors patent require corrective action.

First, defendant was resentenced to twenty years of imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. This sentence was reflected in the transcript, the minute entry, and the Louisiana

Uniform Commitment Order (UCO). The multiple offender statute, La. R.S. 15:529.1, however, does not provide for a restriction on parole. The underlying statute, La. R.S. 40:967, also does not provide for a restriction of parole. Thus, defendant's enhanced sentence should not have been imposed with a restriction on parole.

When a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana Supreme Court has ruled that the appellate courts "should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence 'at any time.'" *State v. Payne*, 17-12 (La. App. 5 Cir. 5/17/17), 220 So.3d 882, 888, *citing State v Sanders*, 04-17 (La. 5/14/04), 876 So.2d 42. Accordingly, we amend defendant's sentence to delete the restriction on parole.

Second, a discrepancy exists between the minute entry, the UCO, and the transcript involving the concurrent nature of defendant's sentences. The minute entry and the UCO provide that defendant's enhanced sentence is to run concurrent with any other time he may be serving. But the transcript provides that the trial court did not specifically order that the defendant's sentence be run concurrent with all other sentences. Instead, the trial court resentenced defendant "consistent with the principles enunciated in the opinion of the Fifth Circuit and sentence[d] him to the mandatory minimum of 20 years with the Department of Corrections without benefit of parole, probation, or suspension of sentence." In its original sentence, the trial court imposed a sentence of sixteen years to run concurrent with any other sentence defendant may be serving. Thus, the transcript is ambiguous as to whether resentencing "consistent with the principles enunciated in the opinion of the Fifth Circuit" includes an order that this sentence run concurrent with any other sentence defendant may be serving. *See State v. Chirlow*, 18-359 (La. App. 5 Cir.

12/12/18), 260 So.3d 1282, 1290 (Transcript was ambiguous as to consecutive nature of defendant's sentences); *State v. Reid*, 16-201 (La. App. 5 Cir. 9/22/16), 202 So.3d 589, 593 (Remand for clarification was required as to the consecutive nature of defendant's sentences).

Third, we note that the adjudication date of the UCO is incorrect in that it references November 10, 2021, the date of the jury trial, while defendant was adjudicated as a fourth-felony offender on May 2, 2022.

Accordingly, defendant's sentence is affirmed as amended except to remove the parole restriction, and to remand for clarification of sentence as it relates to the concurrent nature of defendant's sentence with other existing sentences. We further order the trial court to correct the UCO as set forth herein, to remove the restriction on parole, and correct the adjudication date. We further order the Clerk of Court for the 29th Judicial District Court to transmit the corrected UCO to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections' legal department.

**Incomplete Advisal**

Additionally, the trial court did not provide a complete advisal to defendant of the prescriptive period to seek post-conviction relief pursuant to La. C.Cr.P. art. 930.8. The sentencing transcript reflects that the judge advised: "I'll tell you that there's a two-year time limitation to file postconviction relief, which begins to run once all appellate delays run and this conviction becomes final." This advisal is incomplete.

It is well-settled that if a trial court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. *See State v. Tate*, 22-570 (La. App. 5 Cir. 6/21/23), 368 So.3d 236, 250. Accordingly, we advise defendant that no

application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

## **DECREE**

For these reasons, defendant's resentencing is affirmed as amended to remove the restriction on parole. The matter is remanded to the trial court for clarification of the concurrent nature of the sentence with other existing sentences, and for correcting the Uniform Commitment Order as described above. Appellate counsel's motion to withdraw as attorney of record for defendant is granted.

**RESENTENCE AFFIRMED AS AMENDED; REMANDED FOR CLARIFICATION OF CONCURRENT NATURE OF SENTENCE AND FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 16, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KA-62

### E-NOTIFIED
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE M. LAUREN LEMMON (DISTRICT JUDGE)
HONORABLE ROCHELLE C. FAHRIG (DISTRICT JUDGE)
ELIZABETH B. MURRILL (APPELLEE)        J. TAYLOR GRAY (APPELLEE)

### MAILED
PRENTICE L. WHITE (APPELLANT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
16731 CICERO AVENUE
BATON ROUGE, LA 70816

HON. JOEL T. CHAISSON, II (APPELLEE)
DISTRICT ATTORNEY
J. WILLIAM STARR (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-NINTH JUDICIAL DISTRICT
COURT
POST OFFICE BOX 680
HAHNVILLE, LA 70057

J. BRYANT CLARK, JR. (APPELLEE)
ASSISTANT ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804

KEVIN JOHNSON #331020 (APPELLANT)
NELSON COLEMAN CORRECTIONAL
CENTER
5061 HIGHWAY 3127
KILLONA, LA 70057